## Commonwealth v. Mathis.

*Prohibition enforcement—Forfeiture of vehicle—Statute strictly construed —Chattel mortgage—Act of March 27, 1923.*

1. A statute imposing a forfeiture should be strictly construed and in a manner as favorable to the owner of the property as is consistent with fair principles of interpretation.

2. Where a chattel mortgage is valid under the laws of the state where made, the principles of comity demand that an innocent mortgagee of an automobile, forfeited under the Act of March 27, 1923, P. L. 34, be given the same standing as the holder of a bailment lease or contract. A lien attaches to the proceeds of sale for the balance unpaid.

3. The mortgagee in a chattel mortgage has no standing to claim the automobile as owner.

Petition to forfeit motor-vehicle. Q. S. Erie Co., Feb. Sess., 1924, No. 11.

*M. L. Davis,* District Attorney, for Commonwealth.

*Craig & Blass,* for defendant.

HIRT, J., April 21, 1924.—A forfeiture under criminal proceedings, in strictness, is not a fine or a penalty, but rather a term expressing the result which flows from a failure to comply with the law, and a statute creating a forfeiture is constitutional, though consisting in deprivation of property without due process of law, when such forfeiture fairly tends and is reasonably necessary to accomplish legitimate purpose under the police power: 25 Corpus Juris, 1172. The proceedings on a forfeiture are usually *in rem,* and by the terms of the act of assembly in question (Act of March 27, 1923, P. L. 34) it is provided that the proceedings shall be *in rem,* and by reason of the nature of the proceedings it is immaterial that the person transporting liquor is not the owner of the vehicle used in the transportation. "It is a well recognized principle of law that where a thing whereof there is an owner passes into a situation antagonistic to the law, he may lose his ownership in it simply because the thing is the offender. The punishment, if such it be called, falls on the thing, even though the owner be not personally guilty of crime. . . . They (the things seized) are arrested and proceeded against as defendants; they are acquitted or condemned as though they were competent to stand in judgment for their violation of the statutes:" Oyster Commissioners *v.* Schooner Carsoll, 61 La. 51, quoted in 25 Corpus Juris, 1171, note 34.

A statute imposing a forfeiture should be strictly construed and in a manner as favorable to the person whose property is to be seized as is consistent with fair principles of interpretation. The question here, therefore, is whether or not a mortgagee of an automobile under a chattel mortgage given in the State of Ohio can claim the benefits of the act of assembly in question accorded to bailor or owner.

Section 11 of the Act of March 27, 1923, P. L. 34, provides: "Upon the transportation of intoxicating liquor in violation of this act, the wagon, buggy, team, motor-vehicle, water or air craft, or other vehicle or receptacle in which it is so transported, shall be forfeited to the Commonwealth, subject to the provisions herein set forth." Paragraph 111 provides for a public sale thereof and the character of the notice to be given prior to such sale, and

Commonwealth v. Mathis.

further: "In the event that any such vehicle, team, conveyance or craft is, when so seized, held and possessed under a bailment lease or contract and the legal title thereto is in another person, who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under such bailment lease or contract shall attach to and be paid out of the funds derived from said sale. . . ."

Chattel mortgages have not been recognized under the policy of the law in Pennsylvania, except between the parties to the mortgage. Where other rights intervene, they have been held to be against public policy, unless the mortgaged personalty is in possession of the mortgagee. A mortgage of personal property without a change of possession confers no valid lien upon the mortgagee: Klaus v. Majestic A. H. Co., 250 Pa. 194; Enterprise W. P. Co. v. Rantoul Co., 260 Pa. 540; Jackson's Estate, 5 Sadler, 573; Fry v. Miller, 45 Pa. 441; City Bank v. Easton B. & S. Co., 187 Pa. 30; Clow v. Woods, 5 S. & R. 275.

In all the cases, however, so far as we are able to find, a chattel mortgage has been held to be invalid and inimical to public policy only where the transfer of title by the mortgagor without a transfer of possession leaves the indicia of ownership in the mortgagor, and thereby results in fraud on bona fide creditors or purchasers. Consideration for the rights of creditors without notice and of purchasers in good faith is at the basis of these decisions. Under the laws of the State of Ohio, the locus contractus in this case, a chattel mortgage is valid as against the whole world. Here, such mortgage, even though valid in the state in which it was executed, confers no title or lien as against bona fide creditors or purchasers.

The principles of public policy which demand such protection to creditors or innocent purchasers, in our opinion, cannot justify the Commonwealth in disregarding a contract which is valid where made in another state, and in declaring a forfeiture of the mortgaged property if the mortgagee is innocent of violation of law. Something might be said of the iniquity of the sale of automobiles on instalment contracts, but the practice is general and must be recognized as legitimate. In Pennsylvania such sales are accomplished by means of bailment or conditional sales contracts; in other states by chattel mortgages. Where the right to work a forfeiture is involved, we believe the principles of comity demand that an innocent mortgagee of personal property be given the standing accorded a bailor under the act of assembly in question. Such mortgagee should have a lien on the proceeds of sale for the unpaid balance of his mortgage, but has no standing to claim the seized property as owner, for comity cannot demand that a mortgagee receive more than the amount unpaid on the mortgage when a chattel has been seized while used in violation of the law. The Commonwealth has an interest in the fund arising from the sale of the offending chattel after the satisfaction of a bailment contract or a mortgage.

The testimony clearly shows that the automobile, when seized, was being used in the illegal transportation of liquor, and also that the claimant had no knowledge of such use.

And now, to wit, April 21, 1924, the automobile described in the petition is adjudged forfeited, and it is ordered that the Sheriff of Erie County sell the same at public sale after due notice as required by law. After the payment of costs, the claim of E. F. Halfinger for $700, with interest from Nov. 12, 1923, shall attach to the proceeds of sale, the balance, if any, shall be paid to the county treasurer for the use of the County of Erie.

From Lytle F. Perry, Erie, Pa.

NOTE.—See Com. v. One Dodge Automobile. 5 D. & C. 199.